IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 14 CV 50117 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Lamar Blake, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant Lamar Blake's petition under 28 U.S.C. § 2255 [1] is denied in part. The court orders an evidentiary hearing on the sole issue of whether Blake requested an appeal and his counsel refused or ignored the request. Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, Blake's request for appointment of counsel is granted for that purpose only. The court appoints Attorney Paul Gaziano, Federal Defender, 401 W. State St. Ste 800 Rockford, IL 61101 as counsel to represent Blake. The case is set for a status hearing on December 9, 2014, at 10:30 a.m., to schedule an evidentiary hearing. The U.S. Marshal is ordered to have Blake returned to the custody of the U.S. Marshal, NDIL, Western Division, no later than December 3, 2014. All of Blake's other claims are denied. Blake's motion for discovery [9] is denied at this time.

## STATEMENT-OPINION

Defendant, Lamar Blake, ("Blake" or "defendant") a federal prisoner, has filed a petition pursuant to 28 U.S.C. § 2255. *See* [1]. In his petition, he raises a Fourteenth Amendment due process claim and a number of ineffective assistance of counsel claims. *See id.* Blake's due process claim is based upon his belief that his guilty plea was not entered knowingly and voluntarily. [2] at 9-10. His ineffective assistance of counsel claims are premised on contentions that his trial counsel 1) failed to adequately prepare for Blake's sentencing hearing; 2) failed to object to the Sentencing Guideline Calculations in Blake's presentence investigation report ("PSR"); 3) failed to raise arguments concerning the relevant factors under 18 U.S.C. § 3553(a); 4) failed to request a downward departure; and 5) failed to file a direct appeal. Blake asks the court to grant him an evidentiary hearing and also requests appointment of counsel. [2] at 10-20.

Respondent has answered the petition, and argues that Blake's claims fail on their merits. Respondent contends Blake's attorney was constitutionally adequate and claims Blake is not entitled to an evidentiary hearing or appointed counsel.

## A. FACTUAL BACKGROUND

On April 17, 2012, an indictment was returned charging defendant, Lamar Blake, with one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (count one) and one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1) (count two)[1]. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. Apr. 17, 2012); [1]. On March 15, 2013, Blake pled guilty to both counts pursuant to a written plea agreement. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. March 15, 2013), [28].

In relevant part, the plea agreement provided that Blake agreed he was a career offender "[p]ursuant to Guideline § 4B1.1(a) . . . because (1) [he] was at least 18 years old at the time [he] committed the instant offense (2) the instant of conviction [was] a felony that [was] a controlled substance offense; and (3) [he] ha[d] at least two prior felony convictions of a controlled substance offense . . . [.]" *United States v. Blake*, No. 12-CR-50028, (N.D. Ill. March 15, 2013), [28] at 5. The plea agreement also set forth Blake's anticipated guideline range. *Id.* at 8.

On the same day the plea agreement was signed, the Honorable Frederick J. Kapala held Blake's change of plea hearing. *See United States v. Blake*, No. 12-CR-50028 (N.D. Ill. March 15, 2013), [27]. At the hearing, the following colloquy occurred:

> The Court: All right. Mr. Blake, it's been indicated to me that you wish to plead guilty to Counts 1 and 2 of the indictment; is that correct?
>
> Defendant Blake: Yes.
>
> The Court: And you understand that you're leaving the decision as to the penalty up to my discretion within the statute and in consideration of the United States Sentencing Commission Guidelines.
>
> Defendant Blake: Yes.

Tr. of Plea Hearing, *United States v. Blake*, No. 12-CR-50028, (N.D. Ill. Apr. 16, 2014); [43] at 3.

Judge Kapala then placed Blake under oath and asked him a series of questions to ensure that he was mentally competent to enter his guilty plea. *See id.* at 3-8. After he determined Blake was competent, Judge Kapala explained the charges in the indictment and asked Blake if

---

[1]The plea agreement, indictment, and all other documents relating to Blake's criminal case are filed under case number 12-CR-50028.

he understood those charges. Blake responded affirmatively and also indicated that he understood the terms of the plea agreement. At that point Judge Kapala asked Blake:

> The Court: Other than the plea agreement, has anyone made any promises or assurances to you of any kind in an effort to induce you to plead guilty in this case?
>
> Defendant Blake: No, sir.
>
> The Court: Has anyone attempted in any way to force you to plead guilty in this case?
>
> Defendant Blake: No, sir.
>
> The Court: Are you pleading guilty of your own free will?
>
> Defendant Blake: Yes, sir.

*Id.* at 11.

Judge Kapala then instructed the government to describe what the evidence would show with respect to both counts if Blake were to go to trial. After the government completed its statement, Judge Kapala asked Blake if he disagreed with any part of the government's statement. *Id.* at 17. Blake stated that he did not and subsequently entered a guilty plea to counts one and two of the indictment. *Id.*

On June 21, 2013, this court held Blake's sentencing hearing.[2] *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2013), [35]-[36]. During the sentencing hearing, the following colloquy occurred:

> The Court: All right. I'm going to address you, Mr. Blake, ask you some questions. You have received a copy of the presentence investigation report and also the more recent supplement?
>
> The Defendant: Yes, sir
>
> The Court: And you've read those?
>
> The Defendant: Yes, sir.

---

[2]This case was assigned to Judge Philip G. Reinhard and, in his prolonged absence, Judge Frederick J. Kapala handled the guilty plea proceeding only.

> The Court: Then you went over them with your lawyer, is that right?
>
> The Defendant: Yes, sir.
>
> The Court: And after doing that, do you basically understand them?
>
> The Defendant: Yes, sir.
>
> The Court: Your lawyer has not filed any objections to any facts in the presentence report or any of the guideline determinations. Is that your desire?
>
> The Defendant: (Nods head.)
>
> The Court: You have to answer out loud.
>
> The Defendant: Oh, yes, sorry.
>
> The Court: And then he found, at least as to the calculation – the guideline calculation of the facts, nothing else that you would wish to object to.
>
> The Defendant: Yes.
>
> The Court: All right. The court will make the following findings as they relate to the guideline calculations . . .

Tr. of Proceedings, *United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2014); [37] at 3-4.

This court then outlined the materials it had received prior to the sentencing hearing and determined Blake's guideline range was 188 to 235 months' imprisonment. At that point, the court heard recommendations from both Blake's attorney and the government and allowed Blake to make a statement on his own behalf. *Id.* at 5. After considering all of this, the court imposed a sentence of 216 months' imprisonment. *Id.* at 8-16.

At the end of the sentencing hearing, the court advised Blake that he had the right file an appeal. The court informed Blake he had 14 days to do so and told him that he could "ask [his] lawyer to file that, or [he could] ask the clerk of the court to file it." *Id.* at 18. The court warned Blake that if he did not file an appeal within 14 days he would not have any right to appeal. *Id.*

Blake did not file an appeal. In fact, the court had not received any documents from Blake until he filed the instant Section 2255 petition on June 2, 2014. [1]. In his petition, Blake

claims he is entitled to *habeas corpus* relief because his guilty plea was not knowing and voluntary and because his attorney was ineffective in a number of ways. He requests an evidentiary hearing and also seeks appointment of counsel. In addition to this, Blake has filed a motion for discovery. *See* [9]. In this motion, Blake asks the court to grant him leave to conduct discovery regarding a portion of the arguments set forth in the Section 2255 petition.

### B. LEGAL STANDARD

A sentence may be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 if the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief is available only when there was "an error of law that is jurisdictional, constitutional or constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quotations and citations omitted).

### C. ANALYSIS

Blake has presented two main claims in his Section 2255 petition. The first is that his due process rights under the Fourteenth Amendment were violated because his guilty plea was not knowing and voluntary. *See* [2] at 9-15. The second is that his Sixth Amendment rights were violated because he was denied effective assistance of counsel. *See* [2] at 16-22. Specifically, Blake claims his attorney was ineffective because he 1) failed to adequately prepare for Blake's sentencing hearing; 2) failed to object to the Sentencing Guideline Calculations in Blake's presentence investigation report ("PSR"); 3) failed to raise arguments concerning the relevant factors under 18 U.S.C. § 3553(a); 4) failed to request a downward departure from Blake's guideline range; and 5) failed to file a direct appeal. *See id.* The court will address each claim in turn.

*1. Due Process*

First, Blake contends his due process rights were violated because his guilty plea was not entered knowingly and voluntarily. He claims he was advised by his attorney to plead guilty, but was never "apprised of the rights which he was waiving, or even the essential elements of the offense [*sic*] to which he was waiving, or even the essential elements of the offense to which he was admitting." [2] at 9. He also argues that the court never advised him of his rights. Finally, he claims that his attorney's ineffective assistance of counsel prevented him from entering a knowing and voluntary plea.

"To determine if a defendant knew and understood the plea agreement, we must examine the language of the plea agreement itself and also look to the plea colloquy between the language of the defendant and the judge." *United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009) (citations omitted). Statements "made by a defendant under oath at a plea colloquy, are entitled

5

to a presumption of correctness." *United States v. Chapa*, 602 F.3d 865, 869 (7th Cir. 2010) (citing *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008)). Federal Rule of Criminal Procedure 11(b) requires courts to establish a factual basis of the charges against a criminal defendant before accepting a guilty plea. *See* Fed. R. Crim. P. 11(b)(3); *see also Torzala v. United States*, 545 F.3d 517, 524 (7th Cir. 2008).

In this case, the plea colloquy indicates that Blake understood the terms of the agreement and entered into the agreement on his own volition. Tr. of Plea Hearing, *United States v. Blake*, No. 12-CR-50028 (N.D. Ill. March 15, 2013); [41] at 9-11. When Judge Kapala asked Blake if his decision to plead guilty was entirely voluntary he answered affirmatively. *Id.* Additionally, at the hearing, Judge Kapala outlined the elements of both offenses to which Blake was pleading guilty to ensure that he understood the offenses completely. *Id.* While Blake now claims he was never informed of these things, the court finds these arguments meritless since statements made during plea colloquies are entitled to a presumption of correctness. *Chapa*, 602 F.3d at 869. As such, the court rejects Blake's argument that his due process rights have been violated because the court failed to engage in a meaningful plea colloquy or failed to inform him of the essential elements of the charges against him.

Blake's arguments concerning his lawyer's ineffective assistance with respect to the plea agreement are equally unpersuasive. Blake appears to argue that his guilty plea was not knowing or voluntary because his lawyer failed to explain the charges against him and the terms of the plea agreement. However, these contentions are also contradicted by the statements Blake made under oath at the plea hearing. At the hearing, Judge Kapala specifically asked if Blake was "satisfied with the advice and efforts of [his] attorney?" Tr. of Change of Plea Hearing, *United States v. Blake*, No. 12-CR-50028 (N.D. Ill. March 15, 2013); [41] at 8. Blake answered affirmatively and added that he had discussed all aspects of the plea agreement with his attorney. *Id.* To the extent he now argues that his attorney never "apprised [him] of the rights which he was waiving, or even the essential elements of the offense . . ." ([2] at 9), the court rejects these arguments. *See United States v. Stewart*, 198 F.3d 984, 986 (7th Cir. 1999) (rejecting a petitioner's claim that his plea was not knowing or voluntary because his attorney was ineffective since the petitioner already had the opportunity "to state, under oath, and in the presence of the district court judge, whether his attorney gave [him] defective advice" at the plea hearing.); *see also Endries v. United States*, No. 10-C-739, 2011 WL 1988436 at *4 (E.D. Wis. May 21, 2011) (stating that "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'") (citations omitted).

Accordingly, the court concludes that Blake's guilty plea was both knowing and voluntary. Therefore, Blake's Fourteenth Amendment due process claim is denied.

### 2. Ineffective Assistance of Counsel

Next, Blake argues that he is entitled to relief because his Sixth Amendment right to effective assistance of counsel was violated. Specifically, he contends his trial counsel was

6

ineffective because he 1) failed to adequately prepare for Blake's sentencing hearing; 2) failed to object to the Sentencing Guideline Calculations in Blake's presentence investigation report ("PSR"); 4) failed to raise arguments concerning the relevant factors under 18 U.S.C. § 3553(a); 4) failed to request a downward departure from Blake's guideline range; and 5) failed to file a direct appeal. With respect to all of these claims, Blake claims his attorney's performance fell below the constitutional standard the United States Supreme Court set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

In *Strickland v. Washington*, the Supreme Court held that claims of ineffective assistance of counsel require a petitioner to show that his "counsel's representation fell below an objective standard of reasonableness" and that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-88; 694. In evaluating claims of ineffective assistance of counsel, the court is highly deferential to an attorney's performance and presumes that the attorney's conduct fell within the wide range of reasonable assistance to reduce the effects of hindsight. *Id.* at 668, 688-89.

a. Failure to Adequately Prepare for Sentencing & Failure to Object to the PSR

Blake argues that his attorney was ineffective because he failed to adequately prepare for Blake's sentencing hearing. He claims his attorney was unprepared because he did not object to the PSR or its findings. [2] at 18.

After reviewing the record, the court finds these assertions are contradicted by Blake's sworn statements at the sentencing hearing. The sentencing hearing transcripts indicate that the court expressly asked Blake if he understood the PSR and Blake responded that he did. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2013); [37] at 3. The court then told Blake that his attorney had not filed any objections to the PSR and asked Blake if that was the course of action he desired. Blake answered affirmatively. *See id.* He now claims otherwise. Blake argues that his counsel's failure to object to the PSR was "clearly wrong" and this failure is indicative of the fact that his attorney had not adequately prepared for sentencing. *See* [2] at 18.

The court has already noted that statements made under oath at a hearing are entitled to a presumption of correctness. *Chapra*, 602 F.3d at 869. Blake was given an opportunity to express his dissatisfaction with his attorney's preparation at the sentencing hearing. However, Blake failed to do so. Instead, he indicated that it was his desire not to file any objections to the PSR. As such, the court rejects Blake's contentions that his lawyer was ineffective because he was not prepared for the sentencing hearing and because he failed to object to the PSR.

The court notes that Blake's claims concerning his attorney's alleged lack of preparation and failure to object also fail because Blake cannot establish prejudice. To satisfy the prejudice prong in *Strickland*, a petitioner must show that "but for counsel's unprofessional error, there is a reasonable probability that the results would have been different." *Berkey v. United States*, 318

F.3d 768, 774 (7th Cir. 2003) (citations omitted). "A self-serving statement is not enough to satisfy the second Strickland prong." *Id.* at 773. Here, even if Blake's attorney objected in the instances Blake now argues he should have, the result would have been the same.

In his petition, Blake complains that his attorney should have objected to the fact that the PSR indicated he was a career offender and that he was subject to the penalties of the Armed Career Criminal Act ("ACCA"). However, even if Blake's attorney asserted these objections, the sentence would have remained the same.

First, Blake is mistaken about the ACCA. It seems Blake believes the PSR incorrectly stated that he was an ACCA offender and the court used this information when it imposed Blake's sentence. This is simply not true. While the original PSR dated May 17, 1013 stated Blake was subject to the ACCA (*see United States v. Blake*, No. 12-CR-50028, (N.D. Ill. May 17, 2013); [29] at 6), a supplemental report was filed on June 20, 2013, (a day before Blake's sentencing hearing). *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 20, 2013); [32] at 1-2. The supplemental report corrected the first PSR and indicated that Blake was not subject to the penalties of the ACCA, but was properly classified as a career criminal pursuant to the United States Sentencing Guidelines Section 4B1.1(a) . *See id.*

At Blake's sentencing hearing, the court expressly stated that it had received the supplemental report and used this report's guideline calculations to determined Blake's guideline range. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2013); [37] at 2-3. The court also asked Blake whether he had received the supplement report and he indicated he had. *Id.* at 3. As such, Blake's attorney did not need to object to the ACCA classification because it was corrected before sentencing and Blake cannot show that his sentence would have been different if his attorney objected to the ACCA classification in the original PSR.

Similarly, Blake cannot prove that his attorney's failure to object to his career offender status was ineffective assistance. This is because it is clear that Blake was properly classified as a career offender.

Under United States Sentencing Guidelines Section 4B1.1(a), "a defendant is a career offender if (1) [he] was at least eighteen years old at the time [he committed] the instant offense of conviction; (2) the instant offense of conviction is a felony that either is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance." U.S.S.G. § 4B1.1(a).

In this case, Blake was in his thirties at the time he committed the offenses. *See United States v. Blake*, No. 12-CR-50028 (N.D. Ill. June 21, 2014); [37] at 15. He pled guilty to a controlled substance offense and had at least two prior felony convictions of controlled substance offenses. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. May 17, 2013); [29] at 7-21. Thus, there is no doubt Blake is a career offender and any objection his attorney would have made with respect to this classification would have been meritless and overruled. As a result,

8

Blake cannot demonstrate an ineffective assistance of counsel claim based upon his attorney's failure to object to his classification as a career offender. *See Woods v. United States*, No. 09-C-4925, 2009 WL 3787904, at *7 (N.D. Ill. 2009) (attorneys "do not have to present losing arguments to provide constitutionally effective assistance of counsel.").

Accordingly, the court rejects Blake's claims that his trial counsel was ineffective because he was not prepared for sentencing and because he failed to object to the PSR. Blake cannot show that there was "a reasonable probability that his [attorney's objections or arguments with respect to the PSR] would have been accepted at the sentencing hearing" and his claims therefore are denied. *Welch v. United States*, 604 F.3d 408, 425 (7th Cir. 2010).

b. Failure to Raise 3553(a) Facts

Blake also contends that his attorney was ineffective because the "court ignored the 18 U.S.C. § 3553(a) factors in imposing the sentence it did." [2] at 20. He specifically argues that the court failed to "consider the nature and circumstances of [his] offense . . . [and] the need to promote respect for the law, as well as the seriousness of the offense." *Id.* Blake appears to argue that the court failed to consider these factors because his attorney failed to raise them. He claims "a lower sentence would have [been] obtained had counsel been effective." *Id.* After reviewing the record, the court finds these arguments both inaccurate and meritless.

First, the sentencing hearing transcripts clearly indicate that Blake's counsel raised 3553(a) factors when he was recommending the sentence the court should impose. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2013); [37] at 6-10. Notably, Blake's attorney argued that Blake accepted responsibility for actions. *See id.* at 6. In addition to this, Blake's attorney explained the difficult upbringing Blake endured as a child and stated that Blake would like to "learn a trade." *Id.* at 8. Blake's attorney asked the court for "compassion and mercy with Mr. Blake" and requested that the court give him the "opportunity to get back into society and to show the [c]ourt . . . that he can be a good person . . .[.]" *Id.* at 9. These are relevant 3553(a) factors and thus Blake's argument that his attorney failed to raise any such factors is incorrect.

The court also examined the relevant 3553(a) factors at Blake's sentencing. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2013); [37] at 14. The court noted Blake's criminal history and then "considered all the[] factors that [Blake's] lawyer [] pointed out . . .[.]" *Id.* Specifically, the court noted that Blake's difficult upbringing, his acceptance of responsibility and his age were all relevant factors in determining his sentence. *Id.* at 14-15. Thus, Blake's contentions that the court failed to consider the relevant 3553(a) factors are without merit.

To the extent Blake argues that the court or his attorney failed to raise all of the 3553(a) factors, this argument also fails. The transcripts indicate that Blake's attorney raised the relevant 3553(a) factors in making his recommendation with respect to Blake's sentence. In determining an appropriate sentence, the court "need not address every § 3553(a) factor in checklist fashion,

9

explicitly articulating its conclusions regarding each one." *United States v. Hodge*, 729 F.3d 717, 721 (7th Cir. 2013)(quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)) "Instead, the court may simply give an adequate statement of reasons, consistent with § 3553(a), for thinking the sentence it selects is appropriate." *Id.* (internal quotations and citation omitted). The court and Blake's attorney did so here. As such, Blake's claim that his attorney was ineffective because he failed to bring 3553(a) factors to the court's attention is denied. *See Campos v. United States*, No. 09-C-7778, 2010 WL 2179548 at *5 (N.D. Ill. May 27, 2010) (arguments made that are contrary to the record are without merit).

c. Failure to Request a Downward Departure

Blake also claims that his attorney was ineffective because he failed to argue for a downward departure or a below-guideline sentence. Blake specifically notes that his lawyer failed to ask for a downward departure from the career offender guideline. He contends that because "a sentence within the career offender guidelines has been recognized as no longer mandatory," his attorney was ineffective and a lower sentence could have been obtained. [3] at 2-3. Here again, Blake's argument is without merit.

First, to the extent Blake is arguing that his attorney failed to request any kind of downward departure, these arguments are directly contradicted by the sentencing hearing transcripts. Blake's attorney requested a downward departure because Blake accepted responsibility for his actions. *See United States v. Blake*, No. 12-CR-50028, (N.D. Ill. June 21, 2013); [37] at 6 (stating "as far as asking for downward departures and asking for things, Mr. Blake accepted responsibility for his actions."). Thus, Blake's claim that his attorney failed to request any kind of downward departure is wrong.

Next, it appears that Blake contends his attorney was ineffective because he failed to raise an argument pursuant to *United States v. Corner*, 598 F.3d 411 (7th Cir. 2011). In *Corner*, the Seventh Circuit held that a district court could disagree with the career offender guideline. *Id.* at 416. It concluded that the U.S.S.G. § 4B1.1 provides a "benchmark" for consideration in sentencing, and that its "floors" and "ceilings" are "not legally binding." *Id.*

While Blake's counsel could have raised this argument, the court does not find it was ineffective assistance for him not to do so. Blake's attorney argued for a downward departure based upon Blake's acceptance of responsibility. Given Blake's extensive criminal background, the court does not find it surprising that Blake's attorney chose this argument as opposed to an argument pursuant to *Corner*. A strategic decision of this kind is not one this court will find to constitute ineffective assistance. *See United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000) ("When reviewing ineffective assistance of counsel claims, we presume that the attorneys made reasonable judgments and decline to second guess strategic choices."); *see also United States v. Cedano-Rojas*, No. 97-C-1822, 1998 WL 547281 at *2 (N.D. Ill. Aug. 27, 1998) (finding an attorney's decision not to seek a downward departure on coercion and instead pursuing one on acceptance of responsibility to be "the type of sound, strategic choice that this

10

court cannot disturb."). As such, Blake cannot establish that his attorney's performance fell below an objective standard of reasonableness because he failed to raise an argument pursuant to *United States v. Corner*, 598 F.3d 411 (7th Cir. 2011). As a result, his claim here also fails.[3]

d. Failure to File Direct Appeal

Blake's last claim is that his attorney was ineffective because he failed to file a direct appeal. *See* [2] at 16. Blake asserts that he instructed his attorney to file a direct appeal after sentencing, but his attorney failed to do so. *See id.* at 16-17. Attached with his Section 2255 petition, Blake included an affidavit swearing that he specifically told his attorney to "file a Notice of Appeal from [his] Judgement of Conviction and the Sentence imposed in this [c]ourt," but his attorney never filed an appeal. [1-1] ¶¶ 3-4. Blake asks for an evidentiary hearing to prove his claim.

The government disputes Blake's contentions. It argues that Blake's arguments are too conclusory to warrant an evidentiary hearing. Alternatively, the government contends that even if the court finds Blake's arguments sufficiently detailed, his claim regarding his attorney's failure to file an appeal is false. As support, the government has included an affidavit signed by Blake's trial counsel. *See* [7-1]. In the affidavit, Blake's attorney avers that Blake specifically stated that "he did not wish to file a Notice of Appeal and [instead] expressed [] satisfaction with the sentence he received from Judge Reinhard." [7-1] ¶ 4.

If a defendant "asks his attorney to pursue a direct appeal and the attorney does not do so, it is *per se* ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010) (citing *Kafo v. United Sates*, 467 F.3d 1063, 1069 (7th Cir. 2006)). However, to succeed on such a claim, a defendant must demonstrate that "he actually requested his attorney file an appeal." *Id.* (citing *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994)). A petitioner's "vague, conclusory, or palpably incredible . . ." allegations are insufficient to warrant an evidentiary hearing. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). That said, the Seventh Circuit instructs courts to grant an evidentiary hearing if a petitioner "alleges facts that, if proven, would entitle him to relief." *Id.*

In this case, Blake submitted a sworn affidavit with his Section 2255 petition. *See* [1-1]. *See* [1-1] ¶¶ 3-4. In addition to this, he included a sworn "affirmation" with his reply brief. *See* [11]. In the affirmation, Blake sets forth additional details regarding his instructions to his attorney to file an appeal. Specifically, Blake states that he told his attorney he wished to file an appeal "[i]mmediately after sentencing, in the courtroom" and that "[o]n or about June 25, 2013,

---

[3]It is also worth noting that Blake has failed to satisfy the prejudice prong in *Strickland*. Blake cannot demonstrate (especially given his extensive criminal background) that the court would have imposed a lower sentence if his attorney raised an argument pursuant to *Corner*. *See Strickland*, 466 U.S. at 693-94. This provides added support why his ineffective assistance of counsel claim based upon his attorney's alleged failure to request a downward departure must be denied.

[his attorney] came and met with [him] at Winnebago County Jail[]" and "[a]t that meeting, [he] [s]pecifically discussed [] the taking of an appeal . . . [.]" *See* [11] ¶ ¶ 14; 17-18.

If true, these allegations could entitle Blake to relief. As such, the court must grant Blake's request for an evidentiary hearing. *See Dowell v. United States*, 694 F.3d 898, 903-04 (7th Cir. 2012) (vacating a district court's denial of a section 2255 petition and remanding for further proceedings to resolve the factual question of whether a defendant asked his counsel to file a notice of appeal.).

Accordingly, the court grants Blake an evidentiary solely for the purpose of determining whether Blake requested that his attorney file an appeal and his attorney failed to do so. *See id.* All of Blake's other claims are denied.

For the reasons above, defendant Lamar Blake's petition under 28 U.S.C. § 2255 [1] is denied in part. The court orders an evidentiary hearing on the sole issue of whether Blake requested an appeal and his counsel refused or ignored the request. Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, Blake's request for appointment of counsel is granted for that purpose only. The court appoints attorney Paul Gaziano, Federal Defender, 401 W. State St. Ste 800 Rockford, IL 61101 as counsel to represent Blake. The case is set for a status hearing on December 9, 2014, at 10:30 a.m., to schedule an evidentiary hearing. The U.S. Marshal is ordered to have Blake returned to the custody of the U.S. Marshal, NDIL, Western Division, no later than December 3, 2014. All of Blake's other claims are denied. Blake's motion for discovery [9] is denied at this time.

Date: 10/28/2014                                        ENTER:

                                                        _____
                                                        *Philip G. Reinhard*
                                                        United States District Court Judge

   Notices mailed by Judicial Staff. (LC)
   Copy to Paul Gaziano, Federal Defender
   Copy to U.S. Marshal, NDIL, Western Division